IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA P. SAM and HA TO HA,

        Appellants,                        No. 03:13-cv-01521-MO

      v.

DEUTSCHE BANK NATIONAL TRUST         ORDER
COMPANY in its Capacity as INDENTURE
TRUSTEE for the NOTEHOLDERS OF AAMES
MORTGAGE INVESTMENT TRUST 2005-2,
a DELAWARE STATUTORY TRUST,

        Appellee.

HERNANDEZ, District Judge:

       In this bankruptcy appeal, Appellants Jessica Sam and Ha To Ha appeal the Bankruptcy Court's denial of their motion to reconsider the Bankruptcy Court's Order granting Appellee Deutsche Bank's motion for relief from the automatic stay.[1]  Presently, Appellants move for a

---

[1] In the bankruptcy case, Judge Dunn granted Deutsche Bank's motion during a May 14, 2013 hearing, and then a written Order, signed by Judge Perris, was filed on May 21, 2013. Exs. 7, 8 to Appellee's Brief. In a July 18, 2013 Order, Judge Perris denied Appellants' motion to reconsider the May 21, 2013 Order. Ex. 9 to Appellee's Brief.

1 - OPINION & ORDER

temporary restraining order barring Deutsche Bank from evicting them from their residential property. They represent that an "eviction trial" is scheduled for January 16, 2014. Because of the prohibitions on enjoining ongoing state court proceedings and because Appellants have not shown a likelihood of success on the merits of their appeal, I deny the motion for a temporary restraining order.

The standard for a temporary restraining order (TRO) is "essentially identical" to the standard for a preliminary injunction. Chandler v. Williams, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)); see also Daritech, Inc. v. Ward, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO).

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)).

Additionally, under Rule 65(b), a TRO may issue without notice to the opposing party or its attorney, only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Finally, a TRO may issue only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Appellants filed their bankruptcy appeal, commencing the case in this Court, on August 28, 2013. The issue on appeal has been fully briefed and is awaiting decision by Judge Mosman. Appellants raise numerous arguments in support of their position that Deutsche Bank has no rights to their property. See Appellants' Opening Brief at 3-10. As noted above, a TRO motion requires the moving party to show that immediate and irreparable harm will occur before the adverse party can be heard in opposition and to certify in writing any efforts made to give notice and the reasons why it should not be required. Here, a January 16, 2014 "eviction trial" date is not imminent. Appellants fail to show that any urgency required filing the TRO motion without first notifying counsel for Deutsche Bank.

In any event, the TRO motion is denied not because Appellants failed to comply with the provisions of Rule 65(b), but because this Court is prohibited from enjoining the ongoing state court proceedings and separately because Plaintiffs cannot establish a likelihood of success on the merits. First, without any additional information provided by Appellants, I assume the January 16, 2014 "eviction trial" is part of a Forcible Entry and Detainer (FED) proceeding initiated by Deutsche Bank in state court. The Anti-Injunction Act bars federal courts from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three

3 - OPINION & ORDER

specifically defined exceptions in the Act[,]" which are to be narrowly construed. Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977). Appellants fail to identify to any applicable exception to the Anti-Injunction Act.

Second, even if I construe the TRO motion as a request to reinstate the automatic stay pending resolution of the appeal to this Court, and thus avoiding the issue of enjoining state court proceedings, Appellants do not demonstrate a likelihood of success on the merits. As Judge Dunn explained at the May 14, 2013 hearing, the issue in considering a motion for relief from the automatic stay is whether the creditor has a colorable claim to the property and is not whether the creditor can ultimately prevail in light of various legal arguments that may be made. Calore Express Co. v. Fleet Bank of Mass (In re Calore Express Co.), 288 F.3d 22, 35 (1st Cir. 2002); Ex. 8 to Appellee's Brief at 5 (Judge Dunn stating that the creditor needs to show only that it has a colorable claim which may or may not ultimately be successful if litigated under state law); see also Rozier v. U.S. Bank, N.A. (In re Rozier), 2013 WL 4428808 (B.A.P. 9th Cir. Aug. 19, 2013) (affirming bankruptcy court's grant of motion for relief for automatic stay when creditor showed it had a colorable claim to the property). Based on the record before the Bankruptcy Court, it appears that Deutsche Bank has a colorable claim to the property.[2]

Moreover, the appeal here is from the Bankruptcy Court's Order denying a motion to reconsider the Order granting relief from the automatic stay. Thus, Appellants have to show in their motion for reconsideration that they raised a legitimate basis for reconsideration, meaning something other than re-raising arguments previously made or asserting new legal theories or new facts which could have been presented before the initial hearing. Transp. Credit Serv. Ass'n

---

[2] This determination is made only in the context of the TRO motion.

v. Systran Fin. Servs. Corp., No. CV-03-1342-MO, 2004 WL 1920799, at *1 (D. Or. Aug. 26, 2004) ("There are three primary grounds justifying granting a motion to reconsider: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice.") (citing Medford Pacific v. Danmor Constr., 2 F. Supp. 2d 1322, 1323 (D. Or. 1998)); see also 766347 Ontario Ltd. v. Zurich Capital Mkts, Inc., 274 F. Supp. 2d 926, 929 (N.D. Ill. 2003) ("Motions to reconsider are not at the disposal of parties who want to rehash old arguments [and] are not appropriate vehicles to advance arguments already rejected by the Court[.]") (internal quotation marks and bracket omitted). Appellants have not demonstrated that their motion for reconsideration was appropriate under these standards.

Appellants fail to show that they have a likelihood of success in their bankruptcy appeal. Although eviction is a grievous, and possibly irreparable injury, on balance Appellants fail to establish the requirements justifying a TRO.

## CONCLUSION

Appellants' motion for a temporary restraining order [77] is denied.

IT IS SO ORDERED.

Dated this 23 day of December, 2013

Marco A. Hernandez
United States District Judge

5 - OPINION & ORDER