UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JESSICA P. SAM and HA TO HA**,

                  Appellants,

     v.

**DEUTSCHE BANK NATIONAL TRUST CO., in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust**,

                  Appellee.

No. 3:13-cv-01521-MO

OPINION AND ORDER

**MOSMAN, J.**,

This appeal is from the bankruptcy court's denial of Appellants' motion for reconsideration of the bankruptcy court's decision to lift the automatic stay as to Appellee Deutsche Bank. I must determine whether the Bankruptcy court abused its discretion in denying Appellants' motion for reconsideration after finding that Deutsche Bank had standing to enforce its lien on Plaintiff's residential real property pursuant to a Deed of Trust and granting Deutsche Bank's motion for relief from the automatic stay.

## BACKGROUND

On April 18, 2005 Appellant Mr. Ha obtained a purchase-money loan of $202,400. (Appellant Br. [71] Ex. A.) The lender was Aames Home Loan. (Appellant's Br. [71] Ex. A.) The promissory note was secured by a Deed of Trust, which was recorded in the Multnomah County clerk's office on April 27, 2005. (*Id.* Ex. B.) Appellant Ms. Sam is Mr. Ha's wife; she did not sign the promissory note or the Deed of Trust. (*Id.* Ex. A; Appellee's Br. [72] Ex. 5 at 9:1–9.)

The note was endorsed in blank by an agent of Aames Home Loan. (Appellant's Br. [71] Ex. A.) On June 18, 2010, Aames Home loan assigned the Deed of Trust to Appellee; this assignment was recorded in Multnomah County on June 23, 2010. (Ex. C.) Appellee appointed a successor trustee, and a Notice of Default and Election to Sell ("NODES") was filed in Multnomah County on June 21, 2011. (Exs. D, E.) The NODES reflected that Appellant Mr. Ha was delinquent on the loan in the amount of $45,302.07. (Ex. E.)

After receiving the NODES, Appellants filed, pro se, three successive bankruptcy petitions. *See* Bankruptcy Petition No. 12-30053-tmb13; No. 12-38965-rld13; No. 13-32107-elp7. The first petition, filed under Chapter 13 by Appellant Mr. Ha only, was dismissed because Mr. Ha failed to file an amended plan, as ordered by the court. (Appellee's Br. [72] Ex. 2.) The second, also filed under Chapter 13 by Mr. Ha only, was voluntarily dismissed by Mr. Ha when the court found that it would be impossible for him to propose a confirmable plan. (*Id.* Ex. 5 at 3:23–6:11, 10:22–11:11.) The bankruptcy court had noted, before dismissing the case, that Appellees had filed evidence sufficient to establish their standing to object to any plan proposed by the debtor. (*Id.* Ex. 5 at 5:4–9.)

Finally, Mr. Ha and Ms. Sam filed a joint petition for bankruptcy under Chapter 7 in April 2013. (This 2013 bankruptcy petition is the subject of this appeal.) Appellee filed a motion for relief from stay on April 23, 2013. (Appellee's Br. [72] Ex. 2.) Attached to this motion was a copy of the promissory note, the Deed of Trust, and the recorded Assignment of the Deed of Trust. (Appellee's Br.[72] Ex. 1.) These documents had been authenticated in the second bankruptcy case, and the bankruptcy court relied on the authenticating affidavit in the 2013 proceeding. (*Id.* Ex. 7 at 4:5–21.)

The bankruptcy judge held that Appellee had standing to request that the court lift the automatic stay; and granted their motion.[1] (*Id.* at 5:3–13; Ex. 8.) Appellants filed a motion for reconsideration, which the bankruptcy court denied. (Appellant's Br. [71] Ex. K; Appellee's Br. [72] Ex. 9.) This appeal followed.

## LEGAL STANDARDS

This court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Feder v. Lazar (In re Lazar)*, 83 F.3d 306, 308 (9th Cir. 1996). Review of a bankruptcy court's decision to deny a motion for reconsideration is reviewed for abuse of discretion. *Arrow Electronics v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000).

A court may properly reconsider an earlier ruling if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch.Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Such a motion does not provide a litigant an opportunity to assert new legal theories or

---

[1] Bankruptcy Judge Dunn granted Appellee's motion during a May 14, 2013 hearing, and then a written Order, signed by Judge Perris, was filed on May 21, 2013. (Appellee's Bri. [72] Exs. 7, 8.)

present new facts that could have been raised at the initial hearing, nor is it an opportunity for litigants to rehash arguments already raised.  *See In re Agric. Research and Tech. Group*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986).

## DISCUSSION

Appellees urge this court to dismiss the appeal on the grounds that Appellants' motion for reconsideration raised no new issues of law or fact which could have justified the bankruptcy court in reconsidering its decision.  (Appellee's Br. [72] at 4–6.)  Appellants argue that the bankruptcy court erred in granting Deutsch Bank's motion for relief from stay.  Their contention is that Deutsche Bank has never established standing to enforce the Deed of Trust and cannot enforce it due to alleged defects in its interest.  (Appellants' Br. [71] at 2–3; Reply [73] at 2.)

This court's review is of the denial of Appellants' motion for reconsideration.  *See* Not. of Appeal [1-2].  Consequently, unless the bankruptcy court abused its discretion in denying the motion for reconsideration, its ruling must be affirmed.  This court will not consider anew the bankruptcy court's decision regarding Appellee's standing to seek to lift the automatic stay or decision to lift the stay.  However, I have taken into account what arguments were raised to the bankruptcy court in opposition to Appellee's motion for relief from automatic stay in order to determine whether Appellants' motion for reconsideration raised new law or factual issues that could have made reconsideration appropriate.

The Ninth Circuit has recognized that relief from the automatic stay "only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding."  *Arkson v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013).  As such, a party has standing to seek to lift the stay where it can establish a "colorable claim" to the

property.  *See Rozier v. U.S. Bank N.A. (In re Rozier)*, Bnk. No. 11-21727, 2013 WL 4428808, *4 (BAP 9th Cir. Aug. 19, 2013) (internal quotations omitted); *United States v. Fleet Bank of Mass.* (*In re Calore Exp. Co., Inc.*), 288 F.3d 22, 35 (1st Cir. 2002).

As the First Circuit noted in *In re Calore*, in determining whether to lift the automatic stay, "the question for the bankruptcy court [ ] is generally whether the creditor's claim to the estate's property is colorable, not whether the creditor can ultimately recover in light of all relevant legal issues."  288 F.3d at 35.  A court is authorized to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property."  11 U.S.C. § 362(d)(1).  In opposition to the motion to lift the automatic stay, Appellants argued, among other things, that "DBNT is not the true party of interest to collect payments" and "did not loan any money to debtors and never had an actual interest in the mortgage."  (Debtor's Opp. [71-2] Ex. K.)  Appellee, however, had submitted a recorded assignment of the Deed of Trust from AAMES, the original lender, to itself that had been properly filed in Multnomah County. (Appellee's Br. [72] Ex. 1.)

Appellants argued that they had sent "many correspondences" regarding the debt and sent notices that Appellee would be guilty "of violation of Oregon Law and Federal Statute" if foreclosure occurred.  (Appellant's Brief [71] Ex. K.)  Such challenges to the propriety of a foreclosure, however, can be pursued under nonbankruptcy law; the bankruptcy judge recognized as much when she noted that in order to obtain relief from the stay, Appellees needed only to establish "some claim to the property that ultimately, if it's litigated under state law, may or may not be successful."  (Appellee's Br. [72] Ex. 7 at 5:6–8.)  In short, Appellants objected to lifting the automatic stay on the grounds that Appellee "is not the true creditor to debtor's lien collateral . . . [t]he alleged creditor has not established itself as having any secured interests in

the real property, nor has any indication that they are a named party with authority on debtor's deed of trust." (Appellant's Br. [71] Ex. K.)

The bankruptcy judge found that the evidence submitted by Deutsch Bank established a colorable claim to enforcement of a lien on Appellants' residential property and was sufficient to allow relief from stay under Section 362(d) of the Bankruptcy Code. (Appellee's Br. [72] Ex. 7 at 4:18–21, 5:4–11, 6:1–11.) I find no clear error in the bankruptcy judge's conclusion that would make her declination to reconsider her ruling an abuse of discretion.

In their motion for reconsideration, Appellants repeated arguments already raised in opposition to Deutsche Bank's motion for relief from the automatic stay. They argued that "DBNT is not the 'Original Lender' . . . Aames Mortgage Investment Trust 2005-2 has been securitized and resulted as a mortgage back trust which is no longer a secured asset, DBNT does not have a valid contract with debtors, there are issues of material fact with the blank endorsement note as it contains 2 dates" and various other alleged defects in Appellee's authority to enforce the deed of trust. (Appellant's Br. [71] Ex. K.) The gravamen of these arguments, like those originally raised in opposition to the motion, is that Appellee lacked authority to enforce the Deed of Trust because Aames, not Deutsche Bank, was the original lender.

Appellee's argument throughout the proceedings has been that Deutsche Bank has not proved its chain of title and cannot enforce the Deed of Trust. As the bankruptcy court recognized, this is an issue that can be resolved under nonbankruptcy law. Having found that Appellee had a colorable claim to the property and that it lacked adequate protection for its collateral in bankruptcy, the court lifted the automatic stay. *See In re Rozier*, 2013 WL 4428808 at *4.

The bankruptcy court did not abuse its discretion in denying Appellants' motion for reconsideration.  Having determined that Deutsche Bank had a colorable claim to the residential property and that it lacked adequate protection, the bankruptcy court was under no obligation to reconsider Appellants' arguments.  Appellants' motion for reconsideration raised no issues of law or fact that could not have been raised prior to the original hearing on the motion for relief from stay, and the bankruptcy court did not clearly err in granting relief from the stay.

## CONCLUSION

The judgment of the bankruptcy court is AFFIRMED.

DATED this   24th   day of January, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge